# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| PSG SURGERY CENTER, LLC | § | |
|    *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:23-cv-62 |
| | § | |
| TWIN CITY FIRE INSURANCE | § | |
| COMPANY | § | |
|    *Defendant*. | § | |

_____

## TWIN CITY FIRE INSURANCE COMPANY'S
## NOTICE OF REMOVAL
_____

Defendant Twin City Fire Insurance Company ("Twin City"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action: Cause No.: 111455-E-CV – *PSG Surgery Center, LLC v. Twin City Fire Insurance Company and Robert Sherman,* In the 108th Judicial District Court of Potter County, Texas. In support of this Notice of Removal, Twin City respectfully submits:

1. On March 3, 2023, PSG Surgery Center, LLC ("Plaintiff") commenced a state court action by filing an Original Petition (the "Complaint") in the 108th Judicial District Court of Potter County, Texas. The Complaint names Twin City and Robert Sherman as defendants. Twin City was served through certified mail no earlier than March 20, 2023.

2. Twin City has requested certified copies of all process, pleadings, and orders from the Judicial District Court of Potter County. A certified copy of the state court file is attached as Exhibit "A."[1]

---

[1] Exhibit "A" - Certified State Court File.

## CITIZENSHIP

### A. PSG SURGERY CENTER, LLC

3.  The Complaint alleges "Plaintiff, PSG Surgery Center, LLC, is a resident of Potter County, Texas."[2] Records sourced from the Texas Secretary of State show that the Plaintiff entity filed Articles of Incorporation on February 15, 2017.[3] The documents list three managers: Bo T. Neichoy, Don Thompson, and Matthew Bleu Schniederjan.[4] Each manager lists an address located in Amarillo, Texas.[5] Plaintiff's last 2022 Public Information Report lists the same managers, all still holding an Amarillo, Texas mailing address.[6]

4.  With respect to Bo T. Neichoy, records sourced from the Randall County Clerk's Office show that Mr. Neichoy is co-owner of real property located in Amarillo, Texas.[7] Additional records show that Mr. Neichoy's Voter Registration is linked to the same Amarillo, Texas address.[8]

5.  Regarding Don Thompson, records sourced from the Potter County Clerk's Office show he is the owner of real property located in Amarillo, Texas.[9] Additional documents show Mr. Thompson is registered to vote at the same Amarillo, Texas address.[10]

6.  Finally, with respect to Matthew Bleu Schniederjan, records sourced from the Potter County Clerk's Office show he is co-owner of real property located in Amarillo, Texas.[11]

---

[2] Exhibit "A" – State Court File: Complaint at p. 1.
[3] Exhibit "B" – Articles of Incorporation
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Exhibit "C" – Documents and Records in Support of Removal, p. 1.
[8] *Id.* at p. 2.
[9] *Id.* at p. 3.
[10] *Id.* at p. 4.
[11] *Id.* at p. 5.

Voter Registration records show that Mr. Schniederjan is registered at an Amarillo, Texas address.[12]

7. Based on Plaintiff's representation in the Complaint and the documents and records in support, Plaintiff is a citizens of Texas for diversity jurisdiction purposes.

### B. ROBERT SHERMAN

8. The Complaint avers that "Defendant, Robert Sherman, is a licensed adjuster who estimated the damages. . . . He may be served with process at 1150 Waterside Circle, Rockwall, Texas 75084-6006."[13]

9. Mr. Sherman's citizenship should be disregarded because Twin City has elected to accept responsibility for any liability Mr. Sherman may have with respect to Plaintiff's claims in this action pursuant to § 542A.006 of the Texas Insurance Code, such that Plaintiff has no valid cause of action against Mr. Sherman in this matter. Twin City provided notice to Plaintiff's counsel before filing this removal petition.[14]

10. On September 1, 2017, new provisions of the Texas Insurance Code took effect. Among them was § 542A.006, which provides that in any action to which Chapter 542A applies, "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[15] Twin City provided written notice to Plaintiff in advance of filing this

---

[12] *Id.* at p. 6.

[13] Exhibit "A" – State Court File: Complaint at p. 2.

[14] Exhibit "D" – Notice to Plaintiff's Counsel.

[15] TEX. INS. CODE §542A.006. Chapter 54aA "applies to an action on a claim against an insurer or agent, including: (1) an action alleging breach of contract (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action brought under: (A) Subchapter D, Chapter 541; (B) Subchapter B, Chapter 542; or (C) Subchapter E, Chapter 17, Business & Commerce Code." TEX. INS. CODE § 542A.002. A "claim" means a first-party claim made by an insured under an insurance policy providing coverage for real property or improvements to real property that arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm. TEX. INS. CODE § 542A.001(2).

removal by correspondence dated April 10, 2023 and a Notice of Election was filed in the state court proceeding on the same date.[16] The statute does not require the insurer's written notice of the election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent.[17] Accordingly, Plaintiff has no viable cause of action against Mr. Sherman, and no possibility of obtaining a judgment against him.[18] Because Mr. Sherman is improperly joined in this action, he should be dismissed and its citizenship disregarded for purposes of diversity jurisdiction.

### C. TWIN CITY FIRE INSURANCE COMPANY

11. The Complaint avers generally that "Defendant, Twin City Fire Insurance Company, is a corporation engaged in the business of insurance in this state."[19] In fact, Twin City is a corporation, organized under the laws of Indiana with its principal place of business at One Hartford Plaza, Hartford, CT 06155-0001. Twin City is a citizen of Indiana and Connecticut for purposes of diversity jurisdiction.

12. Twin City does not admit the underlying facts as alleged by Plaintiff in the Complaint or as summarized above. Twin City expressly denies any liability to Plaintiff.

### AMOUNT IN CONTROVERSY

13. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[20] Removal is proper if it is "facially apparent" from the complaint

---

[16] A true and correct copy of the notice is attached to this removal as Exhibit "B."

[17] *See generally* TEX. INS. CODE § 542A.006.

[18] *See Advanced Indicator & Mfg., Inc. v. Acadia Ins*. Co., 50 F.4th 469, 474 (5th Cir. 2022) (In evaluating whether a post-lawsuit § 542A.006 election violates the voluntary-involuntary rule, the Court emphasized "to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal.*" Further, that § 542A.006(c) requires that where an insurer elected to accept liability before removal, even though suit had already been filed, "the court shall dismiss the action against the agent with prejudice.").

[19] Exhibit "A" – State Court File: Complaint at p. 8.

[20] 28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).

that the claims asserted exceed the jurisdictional amount.[21] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[22]

14. The Complaint alleges that "Plaintiff seeks monetary relief over $1,000,000."[23] Further, Plaintiff seeks "additional damages" under the Texas DTPA and "exemplary damages."[24]

15. The amount in controversy requirement of 28 U.S.C. § 1332(b) is plainly satisfied based on the allegations contained in the Complaint.

## DIVERSITY JURISDICTION

16. Plaintiff is a Texas citizen. Twin City is a citizen of Indiana and Connecticut for purposes of diversity jurisdiction. The citizenship of Mr. Sherman should be disregarded.

17. Because Plaintiff is a citizen of Texas and Twin City is a citizen of Indiana and Connecticut, complete diversity of citizenship exists. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL PROCEDURE

18. This Notice of Removal is filed within 30 days of service of Plaintiff's Original Petition, and the Removal is timely under 28 U.S.C. § 1446(b). The clerk of the 108th Judicial District Court of Potter County, Texas has been provided with notice of the Removal.

---

[21] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[22] *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[23] Exhibit "A" (State Court File) – Complaint at p. 1.

[24] *Id*. at p. 13.

19. The following related documents are attached to this notice and incorporated here by reference:

   a. Index of matters being filed;
   b. List of all Parties and counsel of record;
   c. Exhibit "A" – Certified copy of the State Court File from Potter County, Texas;
   d. Exhibit "B" – Articles of Incorporation;
   e. Exhibit "C" – Documents and Records in Support of Removal; and,
   f. Exhibit "D" – Election of Responsibility Notice to Plaintiff's Counsel.

## CONCLUSION

Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Twin City Fire Insurance Company remove this case to this Court for trial and final determination.

Respectfully submitted,

*/s/ Martin R. Sadler*
Martin R. Sadler
Texas Bar No.: 00788842
Federal ID No. 18230
sadler@litchfieldcavo.com
LITCHFIELD CAVO, LLP
One Riverway, Suite 1000
Houston, Texas 77056
Telephone: (713) 418-2000
Facsimile: (713) 418-2001

ATTORNEY-IN-CHARGE FOR
TWIN CITY FIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on this, the 10th day of April 2023, a true and correct copy of the foregoing document was served on all known counsel of record by electronic transmission, pursuant to the Federal Rules of Civil Procedure and applicable Local Rules, as follows:

**WILL ALLAN LAW FIRM, PLLC**
William N. Allan, IV
13526 George Road, Suite 200
San Antonio, Texas 78230
Telephone: (210) 742-9455
Fax: (210) 742-4742
serveall@willallanlaw.com

*/s/ Martin R. Sadler*
Martin R. Sadler